HEATHER *et al.* v. HEARN *et al.*

(*Supreme Court, Special Term, New York County.* March 19, 1889.)

NUISANCE—VOLUNTARY ABATEMENT AFTER ACTION COMMENCED.

    The voluntary abatement of a nuisance after action commenced does not prejudice the rights of a diligent plaintiff.

On final hearing.

Action by George Heather & Co. against George Hearn & Co., their immediate neighbors, for maintaining a nuisance, and to enjoin the display by defendants of a pantomimic exhibition. Defendants gave, during Christmas week in 1886 and 1887, a pantomime by human actors in their windows, in consequence of which a large crowd gathered in front of the windows, impeding the traffic and travel along the street, and diminishing plaintiffs' sales. In 1887 the crowd became so great and turbulent as to break in the windows of defendants' store, and the exhibition was thereupon stopped. The next day this action was commenced, but the preliminary injunction was dissolved because granted after the termination of the nuisance.

*Judson G. Wells*, (*Roger Foster* and *Walter Lindner*, of counsel,) for plaintiffs. *John Delahunty*, for defendants.

BEACH, J. The legal principle controlling this case is settled, and does not require further decision. It seems admitted by defendants' counsel, who urges a dismissal of the complaint because the nuisance was abated by an accident before the service of process. The position is not tenable. The exhibition began, giving the plaintiffs a cause of action, and, indeed, imposing upon them the duty of prompt proceeding in order to prevent increasing the damage to their business. An intent to continue is inferable from a beginning, and cannot be affected by an accidental occurrence, having presumably but a temporary effect. Otherwise the plaintiffs would be called upon to wait from day to day before beginning suit. They were not chargeable with knowledge of any intention defendants may have had to abandon the exhibition after it had begun, and when the accident happened. Nothing short of reliable and definite information would have called upon them to stay an assertion of their rights. In addition, the defendants are shown to have had a similar display the year before, naturally inciting the plaintiffs to increased vigilance and activity. A nuisance begun is sufficient basis for action by one injured, and a diligent plaintiff cannot be prejudiced by its voluntary abatement. Decree for plaintiffs, with costs.